## DUNCAN *v.* THE STATE.

Where the State institutes an action to condemn an automobile under sec-tion 20 of the act of 1917 (Ga. Laws, Ex. Sess. 1917, p. 16) providing for the forfeiture of any vehicle in which spirituous liquors are carried on any public road or private way in this State, and the action is re-sisted by the interposition of a claim, if the defendant was a person who had been indicted and acquitted of a penal charge based on the same transaction, the verdict of acquittal founded on his illegal possession of the liquor seized with the automobile is admissible in support of the claim. Where the claim is interposed by a third person, the general rule is that the verdict of acquittal, though based on the same trans-action, is inadmissible.

No. 1183. June 14, 1919.

The Court of Appeals certified the following question (in Cases Nos. 9894, 9895) : "In a proceeding by the State of Georgia under the provisions of section 20 of the act approved March 28, 1917 (Ga. Laws, Ex. Sess. 1917, pp. 16-17), for the condemnation, for-feiture, and sale of a vehicle (in this case an automobile) used in the illegal transporting of intoxicating liquor in this State, is the indictment and a verdict of acquittal of the purported owner of the vehicle, in a prosecution growing out of the identical transaction for which the vehicle was seized and was being subjected to sale,

admissible in evidence in the forfeiture proceedings instituted by the State, upon the principle of res judicata?"

G. F. *Kelley,* for plaintiff in error.

W. O. *Dean, solicitor-general,* contra.

ATKINSON, J. If a person in this State carry from one place to another any spirituous liquors, he violates the provisions of section 1 of the act of 1917 (Ga. Laws, Ex. Sess. 1917, p. 7), for which under section 16 he is punishable as for a misdemeanor, as provided in the Penal Code, § 1065; and if he carries such liquors in a vehicle of any kind on any of the public roads or private ways of this State, he also incurs the penalty of forfeiture of his vehicle under condemnation proceedings, as provided in section 20 of the same act. He may thus be subjected to two penalties instituted by the State, founded upon the same carrying or transaction; the one enforceable by indictment in the criminal court, and the other by a suit in the form of an action in the civil court. The question for decision is whether, after the defendant's acquittal of the penal offense, the judgment of acquittal may be set up as a defense in the civil action. It is declared in the Civil Code, § 4336: "A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered." See also Civil Code, §§ 4335, 5678, 5943. The question propounded contemplates two cases in which the State is the party on one side and the same person is the party on the other side, and the separate penalties sought to be enforced in both cases are on account of the same illegal act. Except for the different rules of evidence applicable in a criminal case and in a civil case (*Mack* v. *Westbrook,* 148 *Ga.* 690 (98 S. E. 339); United States *v.* Regan, 232 U. S. 37, 34 Sup. Ct. 213, 58 L. ed. 194), the language of the code would seem to be decisive of the question without further comment. A similar question has been considered by the Supreme Court of the United States in Coffey *v.* United States, 116 U. S. 436 (6 Sup. Ct. 437, 29 L. ed. 684), which was an information filed by the Attorney-General of the United States against 10 barrels of apple brandy, one apple mill, 37 tubs, and two copper stills, alleged to be the property of A. G. Coffey, and under seizure on land by a deputy collector of internal revenue, as being forfeited to the United States. There

were several counts based on separate statutes of the United States, in which the doing of certain things was condemned as criminal for which punishment was provided, and in addition thereto forfeiture to the government of the property to be condemned in a specified way. The several counts contained appropriate allegations for the forfeiture of the property above mentioned, under the several statutes. The defendant, among other things, set up his trial and acquittal under an indictment charging the same acts, as a basis of punishment under the criminal law. It was held that the acquittal was a bar to the forfeiture of the property. In the course of the opinion it was said: "The principal question is as to the effect of the indictment, trial, verdict, and judgment of acquittal set up in the fourth paragraph of the answer. The information is founded on §§ 3257, 3450, and 3453; and there is no question, on the averments in the answer, that the fraudulent acts and attempts and intent to defraud, alleged in the prior criminal information, and covered by the verdict and judgment of acquittal, embraced all of the acts, attempts, and intents averred in the information in this suit. The question, therefore, is distinctly presented, whether such judgment of acquittal is a bar to this suit. We are of the opinion that it is. It is true that § 3257, after denouncing the single act of a distiller defrauding or attempting to defraud the United States of the tax on the spirits distilled by him, declares the consequences of the commission of the act to be: (1) that certain specific property shall be forfeited; and (2) that the offender shall be fined and imprisoned. It is also true that the proceeding to enforce the forfeiture against the res named must be a proceeding in rem and a civil action, while that to enforce the fine and imprisonment must be a criminal proceeding, as was held by this court in The Palmyra, 12 Wheat. 1, 14 [6 L. ed. 531]. Yet, where an issue raised as to the existence of the act or fact denounced has been tried in a criminal proceeding instituted by the United States, and a judgment of acquittal has been rendered in favor of a particular person, that judgment is conclusive in favor of such person on the subsequent trial of a suit in rem by the United States, where, as against him, the existence of the same act or fact is the matter in issue, as a cause for the forfeiture of the property prosecuted in such suit in rem. It is urged, as a reason for not allowing such effect to the judgment, that the acquittal in the criminal case may

have taken place because of the rule requiring guilt to be proved beyond a reasonable doubt, and that on the same evidence, on the question of preponderance of proof, there might be a verdict for the United States in the suit in rem. Nevertheless the fact or act has been put in issue and determined against the United States; and all that is imposed by the statute, as a consequence of guilt, is a punishment therefor. There could be no new trial of the criminal prosecution after the acquittal in it; and a subsequent trial of the civil suit amounts to substantially the same thing, with a difference only in consequences following a judgment adverse to the claimant. When an acquittal in a criminal prosecution in behalf of the Government is pleaded, or offered in evidence, by the same defendant, in an action against him by an individual, the rule does not apply, for the reason that the parties are not the same; and often for the additional reason that a certain intent must be proved to support the indictment, which need not be proved to support the civil action. But upon this record, as we have already seen, the parties and the matter in issue are the same. Whether a conviction on an indictment under § 3257 could be availed of as conclusive evidence in law, for a condemnation, in a subsequent suit in rem under that section, and whether a judgment of forfeiture in a suit in rem under it would be conclusive evidence, in law, for a conviction on a subsequent indictment under it, are questions not now presented. The conclusion we have reached is in consonance with the principles laid down by this court in Gelston v. Hoyt, 3 Wheat. 246 [4 L. ed. 381]. In that case Hoyt sued Gelston, the collector, and Schenck, the surveyor of the port of New York, in trespass for taking and carrying away a vessel. The defendants pleaded that they had seized the vessel, by authority of the President, as forfeited for a violation of the statute against fitting out a vessel to commit hostilities against a friendly foreign power, and that she had been so fitted out and was forfeited. At the trial it was shown that, after seizure, the vessel was proceeded against by the United States, by libel, in the United States District Court, for the alleged offence, and Hoyt had claimed her, and she was acquitted, and ordered to be restored, and a certificate of reasonable cause of seizure was denied. The defendants offered to prove facts showing the forfeiture. The trial court excluded the evidence. In this court the question was presented whether the sentence of the Dis-

trict Court was or was not conclusive on the defendants on the question of forfeiture. This court held that the sentence of acquittal, with a denial of a certificate of reasonable cause of seizure, was conclusive evidence that no forfeiture was incurred, and that the seizure was tortious; and that these questions could not again be litigated in any forum. This doctrine is peculiarly applicable to a case like the present, where, in both proceedings, criminal and civil, the United States are the party on one side and this claimant the party on the other. The judgment of acquittal in the criminal proceeding ascertained that the facts which were the basis of that proceeding, and are the basis of this one, and which are made by the statute the foundation of any punishment, personal or pecuniary, did not exist. This was ascertained once for all, between the United States and the claimant, in the criminal proceeding, so that the facts cannot be again litigated between them, as the basis of any statutory punishment denounced as a consequence of the existence of the facts. This is a necessary result of the rules laid down in the unanimous opinion of the judges in the case of Rex v. Duchess of Kingston, 20 Howell's State Trials, 355, 538, and which were formulated thus: The judgment of a court of concurrent jurisdiction, directly upon the point, is, as a plea, a bar, or as evidence, conclusive between the same parties, upon the same matter directly in question in another court; and the judgment of a court of exclusive jurisdiction, directly upon the point, is, in like manner, conclusive upon the same matter, between the same parties, coming incidentally in question in another court for a different purpose. In the present case, the court is the same court, and had jurisdiction, and the judgment was directly on the point now involved, and between the same parties. In a case before Mr. Justice Miller and Judge Dillon, United States v. McKee, 4 Dillon, 128 [Fed. Cas. 15688], the defendant had been convicted and punished under a section of the Revised Statutes for conspiring with certain distillers to defraud the United States, by unlawfully removing distilled spirits without payment of the taxes thereon. He was afterwards sued in a civil action by the United States, under another section, to recover a penalty of double the amount of taxes lost by the conspiracy and fraud. The two alleged transactions were but one; and it was held that the suit for the penalty was barred by the judgment in the criminal case. The decision was put on the

ground that the defendant could not be twice punished for the same crime, and that the former conviction and judgment were a bar to the suit for the penalty."

In Stone v. United States, 167 U. S. 187 (17 Sup. Ct. 778, 42 L. ed. 127), it was held in effect that the acquittal of a defendant on a criminal charge of trespass in cutting and removing certain trees from the land of the United States in violation of a penal statute was no defense to a civil action by the United States against the same defendant for a money judgment on account of the conversion of the timber. The case of Coffey v. United States, supra, was cited and distinguished as holding that "the facts ascertained in a criminal case as between the United States and the claimant could not be again litigated between them, as the basis of any statutory punishment denounced as a consequence of the existence of the facts." The distinction in the cases was noted and the principles of each adhered to in Chantangco v. Abaroa, 218 U. S. 476 (31 Sup. Ct. 34, 54 L. ed. 1116).

The question propounded has been dealt with upon the idea that the claimant resisting the condemnation proceeding was the defendant in the criminal case. As has been shown, the record of his acquittal of the offense of transporting whisky, based upon the identical transaction upon which the State relies in the condemnation proceeding, is admissible in evidence in the proceeding to forfeit the automobile. Generally, where the condemnation proceeding is resisted by a third party, who makes claim to the automobile, the record of the acquittal of the defendant in the criminal case would be inadmissible in the trial of the condemnation proceeding. Powell v. Wiley, 125 Ga. 823 (54 S. E. 732); S. A. L. Ry. v. O'Quin, 124 Ga. 357 (52 S. E. 427, 2 L. R. A. (N. S.) 472); Tumlin v. Parrott, 82 Ga. 735 (9 S. E. 718).

*All the Justices concur, except Beck, P. J., absent.*