### 9894.   DUNCAN v. STATE OF GEORGIA.

LUKE, J.   1. In a proceeding under the act of 1917 (Pamph. Act, Ex. Sess. 1917, p. 16), to condemn a vehicle for carrying intoxicating liquor, a verdict of acquittal, founded on the alleged illegal possession of the liquor by the defendant, was admissible as evidence in his behalf, and the court erred in excluding it.  See *Duncan* v. *State*, 149 *Ga.* 195 (99 S. E. 612).

2. The grounds of the motion for a new trial not dealt with above are without merit.

        *Judgment reversed.   Wade, C. J., and Jenkins, J., concur.*

                DECIDED JULY 17, 1919.

Condemnation under liquor law; from Gwinnett superior court —Judge Cobb.   May 4, 1918.

   *G. F. Kelley,* for plaintiff in error.

---

### 9895.   DUNCAN v. STATE OF GEORGIA.

LUKE, J.   1. Under the ruling of the Supreme Court in the case of *Duncan* v. *State*, 149 *Ga.* 195 (99 S. E. 612), that where a third person interposes a claim to a vehicle seized under the act of 1917 (Pamph. Act, Ex. Sess. 1917, p. 16) providing for the forfeiture of any vehicle in which spirituous liquors are carried on any public road or private way in this State, "the general rule is that the verdict of acquittal [of the defendant], though based on the same transaction, is inadmissible" in favor of the claimant, the court in this case did not err in refusing to admit in evidence the indictment against the defendant and the verdict of not guilty thereon.

2. The grounds of the motion for a new trial not dealt with above are without substantial merit.

        *Judgment affirmed.   Wade, C. J., and Jenkins, J., concur.*

                DECIDED JULY 17, 1919.

Condemnation under liquor law—intervention; from Gwinnett superior court—Judge Cobb.   May 4, 1918.

   *G. F. Kelley,* for plaintiff in error.