## NEAL et al. v. FIRST NATIONAL BANK et al.

No. 31489.   Jan. 30, 1945.

Rehearing Denied May 8, 1945.

*158 P. 2d 336.*

Brown & Cund, of Duncan, and Welch & Welch, of Madill, for plaintiffs in error.

Robert E. Shelton, of Oklahoma City, and Paul D. Sullivan and Jerome Sullivan, both of Duncan, for defendants in error.

BAYLESS, J. The First National Bank of Blanchard, Okla., a corpora-tion, as lienor, and A. C. Petty and Bertha Mae Petty, as owners, all plaintiffs, instituted an action in the district court of Stephens county against Grady Neal et al., who were officers of the law at the times mentioned herein, and the Western Casualty & Surety Company, a corporation, surety on their official bonds, to recover damages from said officers for converting an automobile. Plaintiffs recovered, and defendants appeal.

The evidence of the facts necessary to a discussion of the controlling issue of law is virtually without conflict. The officers took Pettys into custody, without a warrant, on a charge of having violated, in the presence of the officers, the federal internal revenue laws with respect to possessing nontax-paid whiskey. At the same time the officers seized the automobile of Pettys on the charge that the automobile was being used by Pettys in connection with the aforesaid violation of the federal laws. This was reported to the federal authorities.

The federal authorities had A. C. Petty indicted for the law violation. The officers of the internal revenue branch of the Treasury Department of the United States proceeded to forfeit the automobile, as is contended herein by the officers, under 26 U.S.C.A. §§ 3720-3724. In the course of this forfeiture proceeding, lienor appeared by filing a petition and bond as authorized by subdivision(c) of section 3724, supra, but thereafter withdrew the petition and bond. The federal officers proceeded with the forfeiture under the provisions of section 3724, supra, which authorizes an administrative forfeiture in lieu of court forfeiture where the value of the property is $500 or less, and put the automobile into the use of the United States government. Petty was acquitted of the charge on which he was indicted. He thereupon demanded of the defendant officers the return of his automobile, and when it was not forthcoming filed this action.

The officers pleaded in detail the forfeiture proceedings as a defense to the

charge that their seizure and disposition of the automobile amounted to conversion thereof. Upon motion of the plaintiffs these portions of the defendants' answers and first amended answer were stricken from their said pleadings, and in the trial they were not permitted to show these things as a defense. This ruling of the trial court and one relating to the instructions are assigned as error. As we view the matter the trial court erred in striking the aforesaid portions of defendants' pleadings and in refusing to permit them to make such defense, and this error necessitates a reversal of the judgment and renders immaterial any discussion of the other alleged error.

Defendants' contention that the forfeiture proceedings are available to them as a defense in this action naturally divides itself into two aspects: (1) Were they, not being federal officers, authorized to arrest Pettys and to seize the automobile for an alleged violation of said federal laws? (2) If they were, is the forfeiture proceedings a defense in view of Petty's acquittal of the criminal charge?

In Gelston v. Hoyt, 3 Wheat. 246, 4 L. Ed. 381, the Supreme Court of the United States said: "At common law, any person may, at his peril, seize for a forfeiture to the government; . . . ," and this rule does not seem to have been departed from since. It does not seem to be seriously urged in the briefs herein that these officers lacked authority in the first instance, but rather it is argued that the seizure "at his peril," spoken of above, precludes their relying on the seizure made herein, since it was adjudged that Petty was not violating the law at the time the arrest and seizure were made. Thus, they say, they are liable, that being the peril whereunder they labored when they made an unjustified seizure. This leads directly into the consideration of the other issue.

Can defendants defeat plaintiffs' action against them by pleading and showing the forfeiture in the face of the acquittal of Petty? This seems to be the rule. In re Chevrolet, etc., 47 Fed. Supp 843, it was held that section 3724, supra, governed the disposition through forfeiture of an automobile seized in connection with alleged violations of the federal revenue laws, and, further, that said statute itself provides the remedy for remission of a forfeiture thereunder where, as in this case, the owner was freed from the charge of law violation. In that case the federal court declined to make any order restoring the owner to his property or allowing him any relief in lieu of restoration, holding that the remedy provided by statute is exclusive.

It is expressly held therein, on authority of The Caledonian, 4 Wheat. 100, 4 L. Ed. 523, that anyone may seize property forfeited to the government under its laws, and if the government adopts the seizure by forfeiting under appropriate procedure, it is a sufficient recognition and confirmation of the seizure and gives the seizure an equal validity in law with an original seizure under authority.

On authority of the 47 Fed. Supp. case, supra, we hold that it was proper for the defendants to plead the forfeiture under section 3724, supra, as a defense, and it was error for the trial court to strike such defense from their pleadings and thus deprive them of the privilege of making this defense.

The distinction between the rule applied in the cases we have just cited and based our opinion on and the cases cited and relied on by plaintiffs under section 40, supra, and related statutes arises from this. Section 40, supra, and the other statutes governed alcoholic beverages and especially during the prohibition period, and contained their own forfeiture proceedings. We observe from reading those statutes and the cases construing and applying them that forfeiture was always by judicial order, and always ancillary to the trial for the violation of the prohibitory laws, and when the defendant was cleared, as in this case, the trial judge automatically issued an order for the delivery back

of the vehicle seized. Also, the trial judge could, if he believed the facts of the seizure warranted, issue a certificate of reasonable probability which was sufficient to support a defense if the seizing officer was sued for damages for the wrongful seizure. Since these statutes are no longer the law, they and the decisions thereunder do not control herein and offer no persuasive analogy where specific provisions of the sections whereunder this proceeding was had authorize what was done in the forfeiture herein. The sections relied on by the officers have been a part of the federal law since 1866.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.