31422. GRANT *v.* THE STATE OF GEORGIA.

DECIDED NOVEMBER 7, 1946.

*E. C. Brannon,* for plaintiff in error.

*G. Fred Kelly, Solicitor-General,* contra.

PARKER, J. Johnnie Grant was arrested by the Sheriff of Hall County on December 29, 1945, and indicted at the January term, 1946, of the superior court for the offense of "having liquor." At the time of the arrest the sheriff seized the automobile which was in the possession of the defendant and in which it was claimed that he was transporting 12 gallons of whisky contrary to law. Condemnation proceedings against the automobile were filed on December 31 by the solicitor-general, under the Code, § 58-207, to which proceedings the defendant filed a defense on January 5, 1946. This case was tried on January 24, and the jury found in favor of the plaintiff, that is, for the condemnation of the automobile. A motion for a new trial was made by the defendant. On January 28 the criminal case growing out of the same transaction was tried, and a verdict of not guilty was returned. Thereupon, he amended his motion for new trial in the condemnation case by setting up the verdict in the criminal case as newly discovered evidence.

The Code, § 70-204, provides: "A new trial may be granted in all cases when any material evidence, not merely cumulative or impeaching in its character, but relating to new and material facts, shall be discovered by the applicant after the rendition of a verdict against him, and shall be brought to the notice of the court within the time allowed by law for entertaining a motion for new trial." Section 70-205 is in part as follows: "When a motion for new trial is made on the ground of newly discovered evidence, it must appear by affidavit of the movant and each of his counsel that they did not know of the existence of such evidence before the trial, and

that the same could not have been discovered by the exercise of ordinary diligence." In addition to the rules of law laid down by these sections, it has been held many times that "newly discovered evidence is not favored as a ground for new trial" (*Young* v. *State,* 56 *Ga.* 403(4); *Miller* v. *State,* 151 *Ga.* 710, 713 (108 S. E. 38); *Smith* v. *State,* 168 *Ga.* 611, 612 (148 S. E. 531); *Stubbs* v. *State,* 41 *Ga. App.* 836, 837 (155 S. E. 100); *Moss* v. *State,* 44 *Ga. App.* 244 (161 S. E. 293); *Brand* v. *Lawrenceville,* 64 *Ga. App.* 357, 359 (13 S. E. 2d, 214)); and "a motion for new trial upon the ground of newly discovered testimony is addressed to the sound discretion of the court, and his judgment overruling the motion as to that ground will not be disturbed unless manifestly abused." *Lakes* v. *Lakes,* 171 *Ga.* 692(2) (156 S. E. 620); *Brand* v. *Lawrenceville,* supra, and citations.

The exact question presented here does not seem to have been decided by the courts of this State, and we have found no ruling directly in point from other jurisdictions. In *Duncan* v. *State,* 149 *Ga.* 195 (99 S. E. 612), it was held that: "Where the State institutes an action to condemn an automobile under section 20 of the act of 1917 (Ga. L. Ex. Sess. 1917, p. 16), providing for the forfeiture of any vehicle in which spirituous liquors are carried on any public road or private way in this State, and the action is resisted by the interposition of a claim, if the defendant was a person who had been indicted and acquitted of a penal charge based on the same transaction, the verdict of acquittal founded on his illegal possession of the liquor seized with the automobile is admissible in support of the claim." That case did not expressly hold that the verdict of acquittal in a criminal case would be conclusive in the trial of a condemnation case, but merely that such verdict was admissible in support of a claim filed to the automobile. When a defense is filed in a condemnation proceeding, the case proceeds "as other civil cases," under the Code, § 58-207; and "in all civil cases the preponderance of evidence is considered sufficient to produce mental conviction;" but "in criminal cases a greater strength of mental conviction is held necessary to justify a verdict of guilty." Section 38-105. Although a mere preponderance of the evidence is sufficient in civil cases, the evidence must satisfy "the mind and conscience beyond a reasonable doubt" to authorize a conviction in a criminal case. Section 38-110. It will thus be seen that the

very same evidence might be sufficient to satisfy the jury in a civil case and insufficient to support a conviction on the identical facts in a criminal case. Therefore we do not think that it can be held that the introduction in evidence of the verdict in the criminal case would necessarily produce a different result upon another trial of the condemnation case; and if it would not do so, it would seem that such evidence would be merely cumulative. "Newly discovered evidence of the same kind as that which was used on the trial, and going to the same point, is cumulative, and will not require the grant of a new trial." *McKinnon* v. *Henderson,* 145 *Ga.* 373 (89 S. E. 415). This rule as to evidence which is merely cumulative in character was applied to documentary evidence in *Ponder* v. *Grant,* 16 *Ga. App.* 629 (85 S. E. 929). The defendant offered evidence in the trial of the condemnation case tending to show that he had not transported the whisky in the automobile, and we think that it may be inferred that he offered the same kind of evidence in the trial of the criminal case. His amended motion shows only that the verdict in the criminal case was not in existence at the time of the trial of the condemnation case, but he does not show the discovery of any new or additional evidence not merely cumulative between the time of the trial of the condemnation case and the trial of the criminal case.

We conclude that the court did not abuse its discretion in overruling the motion for new trial as to the ground of newly discovered evidence; and as to the general grounds of the motion it may be said that the evidence supported the verdict. It follows that the court did not err in overruling the motion.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*