32679.  WILLIAMS *v.* McDANIEL, Postmaster.

DECIDED DECEMBER 2, 1949.  REHEARING DENIED DECEMBER 13, 1949.

*Gleason & Painter,* for plaintiff.

*J. Ellis Mundy, U. S. Attorney, Herbert A. Ringel, Assistant U. S. Attorney, Harry F. Newton,* for defendant.

WORRILL, J.  J. P. Williams sued in trover, in Walker Superior Court, John C. McDaniel, Postmaster of Rossville, Georgia. The demurrer to the petition was sustained, the petition was dismissed, and the plaintiff excepted.  The petition alleged that the defendant is Postmaster of Rossville, Georgia, and in possession of a certain C.O.D. package which was sent to the plaintiff, containing certain described property which the defendant refuses to deliver, and that the yearly value of the property is $10.  The defendant's ground of demurrer was:  that the State court does not have jurisdiction of the case, the action being brought against a United States Postmaster, and the subject-matter being under the control of the United States Government; that the United States District Court has jurisdiction, the petition showing on its face that the United States Government is a party; and that the State court has no concurrent jurisdiction with the United States court in matters and controversies to which the United States is a party.  The trial court sustained that demurrer and dismissed the action.

The record in this case raises one simple question, that is, may a suit in trover be instituted in the State courts against a United States Postmaster?  The answer to this question is controlled adversely to the defendant in error by the case of *Teal* v. *Felton,* 53 U. S. 284, 292, wherein it was held that a New York justice court had jurisdiction to try a trover action against the Postmaster of Syracuse, New York, brought to secure possession of a newspaper duly deposited in the mails and addressed to the plaintiff, which the defendant had wrongfully refused to deliver to the plaintiff addressee because of certain postal regula-

tions. That case is, in principle, on all-fours with this case and compels a reversal of the judgment of the trial court in sustaining the demurrer, since the petition does not show on its face that the court does not have jurisdiction.

*Judgment reversed.* *Sutton, C. J., and Felton, J., concur.*