34243.   KITCHENS *v.* BEVERLY, sheriff.

Decided October 8, 1952.

*Briggs Carson Jr.*, for plaintiff in error.

*Peter W. Walton*, contra.

TOWNSEND, J. (After stating the foregoing facts). ■ Under Code '(Ann. Supp.) § 58-207 a sheriff or other peace officer must report property seized because of its use in conveying illegal liquor, to the solicitor of the court having jurisdiction of the case within ten days after such seizure, and thereupon condemnation proceedings will be instituted as set forth in that Code section. When the seizure is effected contrary to this provision, and the sheriff attempts to hold the vehicle in excess of ten days without reporting the same, he is, as to the plaintiff's property, a mere trespasser, and a trover action will lie against

him for the recovery of the property. *Bowman* v. *Davis,* 51 *Ga. App.* 478 (180 S. E. 917). See also *Williams* v. *McDaniel,* 80 *Ga. App.* 614 (56 S. E. 2d, 926).

■ However, the State of Georgia, under Code (Ann. Supp.) § 58-207, and the United States Government, under 26 U.S.C.A. § 2803, have concurrent jurisdiction, and each has the power and authority to seize and condemn automobiles used in illegally transporting liquor. As to actions in rem, which these are, between the State and Federal court, the one first taking steps equivalent to exercising dominion over and possession of the res will have exclusive jurisdiction as to the case. *Davis* v. *Shropshire,* 203 *Ga.* 434 (1) (46 S. E. 2d, 911). The defendant here, being a county sheriff, was in no way connected with the Federal Government, and had no right, by reason of his office, to turn the property over to Federal authorities instead of making a report to the proper State officer in conformity with the provisions of Code (Ann. Supp.) § 58-207. If his action in turning the automobile over to Federal authorities is any defense to this action, it is only a defense common to all private citizens, rather than one acquired by virtue of his office. If his action constituted a trespass, his liability in an action by the party aggrieved by the unlawful seizure is not affected. See *Cardinel* v. *Smith,* 5 Fed. Cas. 45; *North Carolina* v. *Vanderford,* 35 Fed. 282. At common law, any person, at his peril, might seize for a forfeiture to the Government. *Gelston* v. *Hoyt,* 16 U. S. 246 (4 L. ed. 381). And it was further held by the United States Supreme Court in The Caledonian, 17 U. S. 100 (4 L. ed. 523), that anyone might seize property forfeited to the Government under its laws, and if the Government adopts the seizure by forfeiting under appropriate procedure, this is a sufficient recognition and confirmation of the seizure, and gives the seizure an equal validity in law with an original seizure under authority.

The fact that the plaintiff here was tried and acquitted in the criminal proceedings brought against him arising out of the same circumstances does not in itself show that the forfeiture proceedings were invalid. *Grant* v. *State,* 74 *Ga. App.* 493 (40 S. E. 2d, 406); In re Certain Chevrolet Automobile Bearing New Jersey Registration IV-42 N.J., 47 Fed. Supp. 843; *Neal* v. *First National Bank,* 195 Okla. 398 (158 Pac. 2d, 336). The

rulings in *Grant* v. *State,* supra, and *Duncan* v. *State,* 149 *Ga.* 195 (99 S. E. 612), that evidence of such acquittal was admissible, dealt with the admissibility of such evidence in the trial of a claim in the forfeiture proceedings, rather than its admissibility in a subsequent civil action. As held in Neal *v.* First National Bank, supra, a forfeiture under § 3724 of the Internal Revenue Code may properly be pleaded and proved as a defense to an action for conversion brought against State law-enforcement officials who first seized the property and without authority turned it over to Federal authorities.

This is not to be construed to hold that such an action would not lie against an officer of this State who thus acts as a private citizen in seizing a vehicle, or against any other citizen in so doing, who, after so doing, fraudulently concealed the fact from the owner that it had been turned over to the Federal Government for forfeiture, and where the judgment of condemnation in the Federal court is entered without such owner having actual knowledge of the fact that such vehicle was being condemned. Nor is the decision here to be construed as affecting the liability of the surety of such peace officer, although such peace officer is here held to be performing the act of a private citizen, as this case does not deal with acts of an officer under color of his office. Nor does it hold that such owner would be precluded from making a proper attack on a void judgment of condemnation. See in this connection *Merrimac Mutual Fire Ins. Co.* v. *Vaughn,* 68 *Ga. App.* 84 (22 S. E. 2d, 188). The decision holds merely that where any person other than the proper Federal law-enforcement officials seizes private property and turns the same over to such officials for condemnation, his act in so taking the property will be protected only to the extent that it is adopted and ratified by the Federal Government in subsequently condemning the same under appropriate procedure. The evidence here demanded a finding that the Federal Government had so acted, and had thereby given the seizure an equal validity in law with an original seizure under authority, for which reason the defendant here was not liable for a conversion of the Ford automobile.

■ The special grounds of the amended motion for a new trial are not passed upon since, in view of what is said in the

884

foregoing division of this opinion, errors in the admission of evidence or the charge of the court would not affect the outcome of the case.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*