Memorandum. Cases involving judicial proceedings for forfeiture of penalties were tried by jury before the adoption of the 1846 Constitution (Colon v. Lisk, 13 App. Div. 195, affd. 153 N. Y. 188; see, also, People ex rel. Lemon v. Elmore, 256 N. Y. 489, 493 ; 4 Lincoln, Constitutional History of New York, p. 50; 44 N. Y. Jur., Penalties and Forfeitures, §§ 7, 16). Therefore, section 2 of article I of the State Constitution guarantees the right to a jury trial in this forfeiture proceeding (Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241, 244; Wynehamer v. People, 13 N. Y. 378, 426). Lawton v. Steele (119 N. Y. 226, affd. 152 U. S. 133), permitting the summary destruction of property of small value in order to abate a nuisance, is not applicable. The instant statute does not prohibit trial by jury; indeed it does not detail any of the proceedings to be followed. Hence it was incumbent on the court to provide the appropriate *766 proceedings, including a jury trial mandated by the Constitution. The Supreme Court deprived respondent of his constitutional right by failing to afford respondent a jury trial. Accordingly, the order of the Appellate Division should be modified and the case remitted to Supreme Court, Westchester County, for a trial by jury.
Chief Judge Fuld and Judges Scileppi, Bergan, Breitel, Jasen and Gibson concur; Judge Burke taking no part.
Order modified in accordance with the memorandum herein and, as so modified, affirmed, with costs.