## S93A0395. SWAILS v. STATE OF GEORGIA.
(431 SE2d 101)

CARLEY, Justice.

Pursuant to OCGA § 16-13-49, the State filed a petition for forfeiture of property seized from appellant's place of business. Appellant answered, seeking the return of the property. Although OCGA § 16-13-49 (o) (5) and (p) (6) provide that the proceeding "must be held by the court without a jury[,]" appellant nevertheless filed a demand for jury trial and attacked the constitutionality of those statutory provisions. Following a hearing, the trial court found no merit in appellant's constitutional challenge to the statutory provisions mandating a bench trial. The trial court did, however, certify its order for immediate review. Appellant applied for an interlocutory appeal and we granted that application to determine whether a jury trial must be afforded upon demand in forfeiture proceedings under OCGA § 16-13-49.

1. This is *not* a case involving construction of a forfeiture statute which *fails* to provide whether it is a bench trial or jury trial that is mandated. Subsections (o) (5) and (p) (6) of OCGA § 16-13-49 expressly mandate that the proceeding "must be held by the court without a jury." Accordingly, the issue presented for resolution is whether the Federal or State Constitutions prevent that express legislative mandate from having any force and effect. " 'Absent a debilitating constitutional flaw in the Act, this court must effectuate the common will expressed in the purpose of the legislation.' [Cit.]" *Bryan v. Ga. Public Service Comm.,* 238 Ga. 572, 575 (234 SE2d 784) (1977).

2. The Seventh Amendment to the Federal Constitution provides that "[i]n Suits at common law, . . . the right of trial by jury shall be preserved. . . ."

> The phrase "common law," found in this clause, is used in contradistinction to equity, and admiralty, and maritime jurisprudence. . . . By common law, [the Framers of the Amendment] meant . . . not merely suits, which the common

law recognized among its old and settled proceedings, but suits in which legal rights were to be ascertained and determined, in contradistinction to those, where equitable rights alone were recognized, and equitable remedies were administered; or where, as in the admiralty, a mixture of public law, and of maritime law and equity, was often found in the same suit. . . . In a just sense, the amendment then may well be construed to embrace *all suits, which are not of equity and admiralty jurisdiction*, whatever may be the peculiar form which they may assume to settle legal rights.

(Emphasis supplied.) *Parsons v. Bedford, Breedlove & Robeson*, 3 Pet. 433, 446-447 (1830).

Under this broad construction, whereby a suit must be deemed to be one which is in "common law" if it is not otherwise in equity or admiralty, it necessarily follows that the Seventh Amendment to the Federal Constitution mandates a jury trial in *federal* drug forfeiture actions wherein neither equity nor admiralty jurisdiction otherwise attaches. See *United States v. One 1976 Mercedes Benz 280S*, 618 F2d 453 (7th Cir. 1980). The Seventh Amendment does not narrowly provide "that no jury trial is required in a cause of action created by statute since any such action would have been unknown to the common law and therefore beyond the reach of the Seventh Amendment." *Rogers v. Loether*, 467 F2d 1110, 1115 [4] (7th Cir. 1972). Instead, the Seventh Amendment broadly applies "to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis v. Loether*, 415 U. S. 189, 194 (94 SC 1005, 39 LE2d 260) (1974). Under the broadly construed language of the Seventh Amendment,

when Congress provides for enforcement of statutory rights in an ordinary civil action in the district courts, where there is obviously no functional justification for denying the jury trial right, a jury trial must be available if the action involves rights and remedies of the sort typically enforced in an action at law.

*Curtis v. Loether*, supra at 195.

It is clear, however, that the Seventh Amendment to the Federal Constitution would not prevent our General Assembly from providing for a bench trial in statutory forfeiture proceedings. *Van Oster v. Kansas*, 272 U. S. 465, 467 (47 SC 133, 71 LE 354) (1926). That amendment "does not apply to suits in State courts. [Cit.]" *Butler v. Claxton*, 221 Ga. 620, 621 (146 SE2d 763) (1966).

3. Our State Constitution does not track the broad language of the Seventh Amendment to the Federal Constitution preserving the right to jury trial "[i]n Suits at common law. . . ." Instead, Art. I, Sec. I, Par. XI (a) provides that "[t]he right to trial by jury shall remain inviolate. . . ." Accordingly, for purposes of determining whether there is a *state* constitutional right to a jury trial in a given action, it is not sufficient to eliminate equity and admiralty jurisdiction and reach the conclusion that the action must, therefore, be a suit "at common law" in which a jury trial is mandated. The right to a jury trial under our State Constitution is not as broad as that afforded under the Federal Constitution. The provision of our State Constitution regarding the right to jury trial

> means that it shall not be taken away, *as it existed in 1798*, when the [first] instrument was adopted, *and not that there must be a jury in all cases*. New forums may be erected, and *new remedies provided*, accommodated to the ever shifting state of society.

(Emphasis supplied in part.) *Flint River Steamboat Co. v. Foster*, 5 Ga. 194, 207-208 (1848). See also *Hill v. Levenson*, 259 Ga. 395 (1) (383 SE2d 110) (1989). Obviously, the right to jury trial in drug forfeiture proceedings did not exist in 1798. This is true because the statute authorizing drug forfeiture is a "new remedy" which did not exist at common law, but which was enacted subsequent to 1798 so as to accommodate the "shifting state of society." See generally *Bowman v. Davis*, 51 Ga. App. 478, 479 (3) (180 SE 917) (1935) (recognizing that the former statute providing for condemnation of private vehicles used in the transportation of intoxicating liquors over the highways was "in derogation of the common law. . . .") "[T]here is no state constitutional right to a jury trial with respect to *proceedings of statutory origin unknown at the time the Georgia Constitution was adopted*. [Cit.]" (Emphasis supplied.) *Benton v. Ga. Marble Co.*, 258 Ga. 58, 66 (4) (365 SE2d 413) (1988). Since the provisions of OCGA § 16-13-49 create a statutory proceeding which was unknown in 1798, it follows that the General Assembly was authorized to provide for a bench trial in that proceeding and that the trial court in the instant case correctly overruled appellant's challenge to the constitutionality of OCGA § 16-13-49 (o) (5) and (p) (6).

*Judgment affirmed. All the Justices concur, except Benham, Sears-Collins and Hunstein, JJ., who dissent.*

HUNSTEIN, Justice, dissenting.

Because the majority opinion denies the right to a jury trial guaranteed by Art. I, Sec. I, Par. XI (a) of the Constitution of Georgia of

1983, I must respectfully dissent. The majority concludes the·General Assembly was authorized to provide for trial without a jury in OCGA § 16-13-49 (o) (5) because *drug* forfeiture proceedings did not exist prior to the adoption of the first Georgia Constitution. Believing that the right to a jury trial includes statutory proceedings of a similar nature that have arisen since the adoption of our Constitution, I would reverse the trial court.

As the majority notes, it is well established that in civil actions at law, "the right to trial by jury exists only where the right existed prior to the adoption of the first Georgia Constitution [in 1798]. [Cits.] The 1983 Georgia Constitution and OCGA § 9-11-38 assure that this right shall remain inviolate." *Hill v. Levenson*, 259 Ga. 395 (1) (383 SE2d 110) (1989). In short, jury trials are available in proceedings that have a common law basis. This is in contradistinction to equity cases where the " 'right of a trial by jury is not constitutional, but statutory; and a legislative restriction thereof . . . would be constitutional. (Cits.)' " *Williams v. Overstreet*, 230 Ga. 112, 115 (III) (195 SE2d 906) (1973). Although no Georgia appellate decisions predate the 1798 Constitution, an exhaustive review of English and American practice prior to 1791 was undertaken by the Seventh Circuit Court of Appeals in *United States v. One 1976 Mercedes Benz 280S*, 618 F2d 453 (7th Cir. 1980). The inescapable conclusion it reached was that jury trials of in rem actions were recognized "at common law as the established mode of determining the propriety of statutory forfeitures on land for breach of statutory prohibitions." Id. at 466. Thus, contrary to the majority result, we should not examine whether the *specific remedy* existed at common law, but whether the *nature* of the action existed at that time.

Although no Georgia authorities have addressed whether a party has a constitutional right to a jury trial in a civil condemnation proceeding in rem, it has been held in a majority of other jurisdictions which have addressed this issue that a right to trial by jury exists in similar forfeiture proceedings. See, e.g., *Commonwealth v. One (1) 1984 Z-28 Camaro Coupe*, 610 A2d 36 (Pa. 1992); *Medlock v. 1985 Ford F-150 Pick Up*, 417 SE2d 85 (SC 1992); *Abrams v. One 1987 Chevrolet Corvette*, 555 NYS2d 503 (1990); *In re Forfeiture of 1978 Chevrolet Van*, 493 S2d 433 (Fla. 1986); *Commonwealth v. One 1972 Chevrolet Van*, 431 NE2d 209 (Mass. 1982); *Matter of Vergari v. Marcus*, 257 NE2d 652 (NY 1970). But cf. *In re Forfeiture of $1,159,420*, 486 NW2d 326, 337 (XII) (Mich. App. 1992) (forfeiture action is equitable in nature, thus no right to jury trial exists); *State v. Morris*, 405 SE2d 351 (N.C. App. 1991).

Contrary to the majority's contention, this is not a question of the breadth of the State Constitution. Rather it is a question of the parallel drawn between statutory proceedings known at common law

and proceedings as they exist today. Although the drug of choice may vary with the times, no common sense distinction exists between the underlying nature of forfeitures before 1798 and the proceedings under OCGA § 16-13-49. This conclusion is consistent with legislative treatment of other forfeiture proceedings in Georgia pursuant to which trial by jury was and is required. See OCGA § 16-12-32 (f) (gambling devices) in which proceedings in the *superior* court "shall proceed as other civil cases in said court"; former Ga. Code Ann. § 58-207 (alcoholic beverages) which provided prior to its repeal (Ga. L. 1980, pp. 1573, 1652) that where a defense to the forfeiture of a vehicle used to convey alcohol was raised in a county, city or *superior* court "the case shall proceed as other civil cases in said court"; see also *Grant v. State*, 74 Ga. App. 493 (40 SE2d 406) (1946) (jury trial had in vehicle condemnation proceeding).

I would therefore conclude that OCGA § 16-13-49 (o) (5), which provides for a trial without a jury, violates the right to jury trial. I recognize that this approach would add to the caseload of our state court system. However, I must agree with *United States v. One 1976 Mercedes Benz 280S*, supra at 468, that "in any event, mere inconvenience would be insufficient reason for denying a traditional and substantial constitutional right. [Cits.]"

I am authorized to state that Justice Benham and Justice Sears-Collins join in this dissent.

DECIDED JUNE 14, 1993 —
RECONSIDERATION DENIED JULY 15, 1993.

*Virgil L. Brown & Associates, Virgil L. Brown, Patricia A. Buttaro*, for appellant.

*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant District Attorney, Michael J. Bowers, Attorney General, Gary D. Bergman*, for appellee.