23221. BUTLER v. CLAXTON, Administratrix.

SUBMITTED DECEMBER 13, 1965—DECIDED JANUARY 6, 1966.

*Hicks & Hicks, H. T. Hicks, H. Arnold Hicks,* for appellant.
*Rowland & Rowland,* for appellee.

ALMAND, Justice. Harry J. Butler, doing business as Butler Auction Company, filed this suit against Mrs. M. L. Rogers in Johnson Superior Court on July 23, 1955. Defensive pleadings were filed on September 8, 1955. On March 19, 1965, the judge of said court entered the following order: "Dismissed under 5 year Rule (3-512)." The plaintiff filed his motion to re-instate the case. One of the grounds was that the Act of 1953 (Ga. L. 1953, Nov. Sess., p. 342; *Code Ann.* § 3-512) viz: "From and after the passage and approval of this section, any suit filed in any of the courts of this State in which no written order is taken for a period of five years the same shall automatically stand dismissed with costs to be taxed against the party plaintiff. For the purposes of this section an order of continuance will be deemed an order. All suits which are pending upon the effective date of this section shall automatically stand dismissed five years from the date of the approval of this section unless an order shall be taken therein as provided above," is unconstitutional and void. Plaintiff alleged that the Act violates the 7th Amendment to the United States Constitution which provides "in Suits at Common Law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . ." and also, that it violates Art. VI, Sec. XVI, Par. I of the Georgia Constitution (*Code Ann.* § 2-5101), which provides that the right to trial by jury shall remain inviolate. The motion to re-instate was denied, and the plaintiff filed this appeal. Error is assigned on this order.

The record discloses that an order was entered on December 10, 1955, allowing an amendment to the petition, and on Sep-

tember 19, 1961, an order was entered making the administratrix of the estate of Mrs. M. L. Rogers a party defendant. This court in *Swint v. Smith,* 219 Ga. 532 (134 SE2d 595), held that the 1953 Act was mandatory, and where the record in the case shows no written order of any sort during a period in excess of five years, the case stands dismissed by operation of law. The record in this case shows that no written order was taken between December 10, 1955, and December 10, 1960, and thus on this last date, the case was automatically dismissed.

The contention that the 1953 Act violates the right to trial provisions of the Federal and State Constitutions is without substance or merit. The 7th Amendment to the Federal Constitution does not apply to suits in State courts. *Foster v. Jackson,* 57 Ga. 206. Counsel for the appellant in his brief cites no authority nor makes any contention in his brief that the Act of 1953 violates the section of the State Constitution as to the right to a jury trial, and we therefore will not belabor this contention.

It was not error to overrule the motion to re-instate.

*Judgment affirmed. All the Justices concur.*