## 66619. BANKS et al. v. BORG-WARNER ACCEPTANCE CORPORATION.

BIRDSONG, Judge.

Claudia Banks, pro se, appeals from the trial court's grant of a writ of possession against her for a double wide mobile home and furnishings. She contends that the trial court denied her due process by depriving her of her inviolate constitutional right to a jury trial. *Held:*

The petitioning creditor, Borg-Warner, proceeded against the debtor Banks precisely as directed by Georgia law, OCGA § 44-14-231 et seq. (Code Ann. §§ 67-702—67-717, 67-1001—67-1004, 67-1601—67-1603). Banks promptly responded to the petition as follows: "(1) I, Claudia W. Banks, do hereby request a jury trial of my peers. (2) I, Claudia W. Banks, do hereby represent myself, pro se. (3) I, Claudia W. Banks, do hereby request a court reporter at all proceedings." Aside from this request for jury trial and demand for a court reporter, no answer was made; no legal or equitable defense was raised. In effect, her "answer" was no answer to the petition at all. See OCGA §§ 9-11-8 (b) (Code Ann. § 81A-108) and 9-11-12 (b) (Code Ann. § 81A-112); *Glenco-Belvedere Animal Hosp. v. Winters,* 129 Ga. App. 621 (200 SE2d 506). The hearing was held, as scheduled with notice to Claudia Banks. Claudia Banks did not appear at the hearing. If she had appeared at the hearing, she could still have orally raised any legal and equitable defense; and if she had done so she would then have inalienably been entitled to a jury trial of any issue requiring trial (OCGA § 44-14-233 (Code Ann. § 67-704); Georgia Constitution, Art. 1, Sec. 1, Par. 11 (Code Ann. § 2-111)). However, the Code (§ 44-14-233 (Code Ann. § 67-704)) prescribes that upon her failure to answer, "the trial court *shall* grant a writ of possession." (Emphasis supplied.) Nevertheless, Banks could still have opened her default as a matter of right by making an answer within seven days of her default (OCGA § 44-14-233 (Code Ann. § 67-704)).

Of none of these quite liberal statutory privileges did she take advantage. Neither the trial court nor the petitioner denied Banks her "inviolate" right to jury trial; she denied it to herself by failing to comply with the simplest requirements of the statutory law. In fact, the Constitution required the judge in this case to issue the writ. The Constitution provides "[t]he right to trial by jury shall remain inviolate, *except that the court shall render judgment without the verdict of a jury in all civil cases where no issuable defense is filed. . . .*" (Ga. Constitution, Art. 1, Sec. 1, Par. 11 (Code Ann. § 2-111)). The constitutional right of access to the courts pro se (Ga. Constitution, Art. 1, Sec. 1, Par. 12 (Code Ann. § 2-112)), which appellant was fully

accorded but by her own actions failed to exercise, does not elevate her pro se status above that of other persons, nor permit her to circumvent the law.

The trial court was mandated by law to issue the writ of possession in this case. Ms. Banks' appeal is without merit.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 19, 1983.

Claudia W. Banks, pro se.
*Terry R. Barnick,* for appellee.