72679. BLEDSOE v. CENTRAL GEORGIA PRODUCTION CREDIT ASSOCIATION.
(349 SE2d 821)

BENHAM, Judge.

Alleging appellant had defaulted on the repayment of his indebtedness, appellee/creditor filed a petition for writ of possession, seeking possession of two pieces of farm equipment pledged as security. Appellant brings this appeal from the trial court's grant of the writ.

1. Appellant claims the trial court erred in granting the writ. The record shows that appellee and the trial court followed the procedure set forth at OCGA §§ 44-14-231 and 44-14-232. Appellee attached to the affidavit seeking the writ copies of the notes in default and the pertinent security agreements to the affidavit, and also introduced them into evidence at the hearing. A witness for appellee testified

that the security agreements and financing statements at issue were executed in his presence by appellant and were now in default. Appellant, acting pro se, raised no objection to the evidence or testimony. Based on the evidence presented, the trial court did not err in granting the writ of possession.

2. Appellant maintains the trial court erred by denying his motion to have a non-attorney serve as his counsel of choice during the proceedings. Appellant never expressed an intent or desire to have licensed counsel represent him. While a party may proceed to defend himself without counsel, "he may not expand the right to counsel to include representation by someone else unauthorized to practice law. [Cits.] The trial court did not err in refusing [appellant's] request to be represented by a non-attorney other than himself." *Pfeiffer v. State*, 173 Ga. App. 374 (3) (326 SE2d 562) (1985).

3. Appellant next argues that the trial court lacked jurisdiction of the matter. The unrefuted testimony was that appellant resided in Houston County; therefore, the Superior Court of Houston County properly exercised jurisdiction over the case. OCGA § 44-14-231.

4. Lastly, appellant argues he was denied his constitutionally guaranteed right to a jury trial. The right to a jury trial as guaranteed by the Seventh Amendment to the United States Constitution is not infringed where, as here, the jury would have no role since there are no issues of material fact in dispute. See *Barrett v. Independent Order of Foresters*, 625 F2d 73 (5th Cir. 1980). The Georgia Constitution guarantees a right to a jury trial in all civil cases, but that right is constitutionally limited to those civil cases in which an issuable defense is filed. Ga. Const. 1983, Art. I, Sec. I, Par. XI (a). That not being the case here, the trial court did not err in issuing the writ of possession without the benefit of a jury. Cf. *Moore v. Trust Co. Bank*, 142 Ga. App. 877 (2) (237 SE2d 471) (1977). See also *Banks v. Borg-Warner &c. Corp.*, 168 Ga. App. 46 (308 SE2d 54) (1983).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 20, 1986.

Sidney S. Bledsoe, Jr., *pro se.*
Hugh Lawson, Jr., Tom W. Daniel, for appellee.