## A91A0133. MARTIN v. SILVEY et al.
### (407 SE2d 97)

COOPER, Judge.

This appeal arises from an action brought by appellant to enforce an oral promise allegedly made by the deceased to make a will. Appellant sued for specific performance, or in the alternative damages, and compensation in quantum meruit for services she rendered to the deceased during his lifetime. The trial court granted summary judgment to appellees, the wife and daughter of the deceased and the administrator of the deceased's estate. On appeal, appellant's sole enumeration of error is that the trial court erred in granting appellees' motion for summary judgment.

Appellant contends that she first met the deceased in 1947; that she and the deceased, who was married, maintained a romantic relationship for approximately two years; that they reestablished their relationship in 1983; that they lived together from 1983 until his death in 1987; that she took care of the deceased during the time that they lived together; that during the last three weeks of the deceased's life, appellant lived in the same house with the deceased and his invalid wife and invalid daughter; that during the last year of the deceased's life, he agreed to make a will leaving all of his estate to appellant if she would take care of his wife and daughter after his death; and that she agreed to take care of the deceased's wife and daughter after the deceased's death. In 1987, the deceased died intestate leaving an estate comprised of real and personal property valued in excess of $200,000.

It is undisputed that appellant did not perform her agreement to take care of the deceased's wife and daughter. Appellant contends, however, that she was ready and willing to perform her part of the agreement but the wife and daughter would not allow appellant to take care of them.

1. With respect to the real property in the estate, the general rule is that an agreement affecting the title to land is required to be in writing. OCGA § 13-5-30 (4). However, it has been recognized that "[a]n oral contract to make a will devising land, for a valuable consideration, *which contract has been performed by the promisee*, will be enforced by specific performance, if its terms are fair and equitable. . . ." (Emphasis supplied.) *Park v. Minton*, 229 Ga. 765 (2) (194 SE2d 465) (1972). Appellant first argues that she fully performed her

part of the oral contract by giving "her promise" to care for the wife and daughter. We do not agree. Appellant's naked promise to take care of the deceased's wife and daughter, without actual performance, neither conferred any benefit on the deceased nor caused appellant to suffer any detriment. If we were to accept appellant's argument, then she would not have been bound to perform the obvious object of her promise — caring for the deceased's wife and daughter — because she would have fully performed her part of the agreement by merely making the promise. Such reasoning would facilitate the very fraud sought to be addressed by the Statute of Frauds.

Appellant also argues that appellees are estopped from raising nonperformance as a defense since she was at all times willing to take care of the wife and daughter but was unable to do so because the wife and daughter would not allow appellant to take care of them. "While an oral contract within the Statute of Frauds may be taken out by part performance where one party performs some act essential to the performance which results in loss to him and benefit to the other, the mere fact that one party attempts performance which results in no loss to one or benefit to the other is not sufficient to take the contract out of the statute. [Cit.]" *Alodex Corp. v. Brawner*, 134 Ga. App. 630, 631 (2) (215 SE2d 527) (1975) (rev'd on other grounds at 246 Ga. 818). Appellant's alleged attempt to care for the deceased's wife and daughter resulted in no loss to her and no benefit to the deceased and was insufficient to take the contract out of the Statute of Frauds.

2. With respect to the personal property in the deceased's estate, the general rule is that " 'equity will not decree specific performance of contracts relating to personal property. In order to sustain a bill for the specific performance of such a contract, it is necessary to allege some good reason in equity and good conscience to take the case out of the general rule above stated.' " *Black v. American Vending Co.*, 239 Ga. 632, 633 (2) (238 SE2d 420) (1977). Appellant alleged in her complaint that because she was without a remedy at law and to avoid a multiplicity of lawsuits, a court of equity should take the case. However, appellant has not established how she is without an adequate remedy at law or how a multiplicity of lawsuits could occur. Accordingly, we do not find that appellant has alleged such a reason as to take the case out of the general rule.

To the extent that appellant has alternatively prayed for damages in lieu of specific performance, appellant cannot seek to enforce a contract when she has admittedly not performed her part of the agreement. " 'In order for [appellant] to recover any damages it [is] necessary that the [complaint] show performance of the contract by the [appellant] . . . or that performance on [her] part was for valid reason excused. . . .' [Cits.]" *Rochester Capital Leasing Corp. v.*

*Christian*, 109 Ga. App. 818, 821 (2) (137 SE2d 518) (1964). The alleged agreement was between appellant and the deceased. There is no evidence that the deceased excused appellant from performing her part of the agreement. Nor do we find that under the facts of this case, appellant's inability to perform her part of the agreement was sufficient to constitute a valid reason excusing her nonperformance.

3. Appellant's claim for the reasonable value of her services rendered to the deceased prior to his death under a theory of quantum meruit is also without merit. Appellant testified in her deposition that during the time that she lived with the deceased, she rendered her services to him and cared for him because she loved him. She also testified that she did not know the deceased had any money until approximately three weeks before his death. All of the evidence suggests that appellant rendered her services in caring for the deceased voluntarily and had no expectation of being compensated out of his estate for her services. Thus, the trial court did not err in granting summary judgment to appellees on appellant's claim for the reasonable value of her services. See *Allen v. T. A. Communications*, 181 Ga. App. 726, 727 (353 SE2d 569) (1987).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 24, 1991.

*Stephens & Stephens, Lawton E. Stephens*, for appellant.
*Robert N. Elkins*, for appellees.