## A93A1484. ABE ENGINEERING, INC. v. TRAVELERS INDEMNITY COMPANY.
### (436 SE2d 754)

JOHNSON, Judge.

Travelers Indemnity Company issued payment and performance bonds on a school construction project on behalf of Williams Construction Company, the general contractor. Williams subcontracted with the appellant, Abe Engineering, Inc., to perform certain work on the project. A dispute arose between Abe and Williams, which was submitted to arbitration in accordance with the subcontract. Travelers was aware of, but did not participate in the arbitration proceedings. After the arbitrators issued an award in Abe's favor, Abe filed a pro se application in the superior court to modify the award to include Travelers as surety and to "enter judgment" against both Travelers and Williams. Abe attempted service on Travelers by mailing a copy of the motion by certified mail to Continental Guaranty & Credit Corporation, an adjusting company which handles various claims for Travelers.

Travelers moved to dismiss, alleging insufficient service of process, and also filed a motion for summary judgment alleging, inter alia, that Abe's claim was barred by the statute of limitation. After a hearing, the trial court dismissed the suit for "insufficiency of process and service of process" as to both defendants. On the same date, it also granted Travelers' motion for summary judgment. Abe filed this appeal from both orders.

1. Abe contends the trial court erred in simultaneously dismissing the suit for insufficient service of process and granting Travelers' motion for summary judgment. The Georgia Arbitration Code (OCGA § 9-9-1 et seq.) provides that all applications thereunder "shall be made by motion and . . . shall be filed in the same manner as a complaint in a civil action." OCGA § 9-9-4 (a) (2). OCGA § 9-9-4 (c) (2) provides that "[t]he initial application to the court shall be served on the other parties in the same manner as a complaint under Chapter 11 of this title." Abe was thus required to serve its motion to modify the arbitration award in accordance with the procedures mandated by OCGA § 9-11-4. While OCGA § 9-11-4 (d) (1) provides that in certain circumstances service on a non-resident corporation may be made by certified mail through the office of the Secretary of State, "[t]here is no provision [under Chapter 11] which authorizes a party to serve a defendant corporation *directly* by certified or registered mail." (Emphasis in original.) *KMM Indus. v. Professional Placement Assn.*, 164 Ga. App. 475, 476 (297 SE2d 512) (1982). Forwarding a copy of the motion by certified mail therefore did not constitute sufficient service on Travelers.

"Where there has been no legal service on the defendant and no

waiver of service, the court has no jurisdiction to enter any judgment in the case unless it be one dismissing the case for lack of jurisdiction." (Citation omitted.) *DeJarnette Supply Co. v. F. P. Plaza*, 229 Ga. 625 (2) (193 SE2d 852) (1972). The trial court therefore lacked jurisdiction to enter summary judgment, even in Travelers' favor. See *Masters v. Air Lines Pilots Assn., Intl.*, 144 Ga. App. 350 (241 SE2d 38) (1977). Accordingly, we affirm the trial court's order dismissing Travelers for insufficient service of process and reverse its order granting summary judgment in favor of Travelers.

2. In light of our holding in Division 1 above, we need not reach Abe's remaining enumerations of error.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 14, 1993.

Dhiru Parekh, *pro se.*

Bovis, Kyle & Burch, John V. Burch, Wade H. Purcell, for appellee.