A03A2087. SWANN et al. v. SHORTER et al.
(586 SE2d 711)

BLACKBURN, Presiding Judge.

In this dispute regarding an alleged promise to leave a will, the surviving brothers and sisters of Givine Swann (collectively referred to herein as the Swann Siblings)[1] appeal the jury's verdict awarding certain real property to Givine Swann's son and administrator, Deandra B. Shorter. The Swann Siblings contend that the trial court erred by (1) denying their motion for a directed verdict that Givine Swann made an enforceable contract to draft a will devising the real property in question to them in equal shares and (2) instructing the jury regarding the Statute of Frauds. For the reasons set forth below, we affirm.

1. The Swann Siblings contend that the trial court erred by denying their motion for a directed verdict that Givine Swann made an enforceable contract to draft a will devising certain real estate to them in equal shares. This contention lacks merit.

> Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict.

---

[4] *Hines v. State*, 276 Ga. 491, 492 (2) (578 SE2d 868) (2003).
[1] The Swann Siblings are Alfred L. Swann, Lizzie K. Davis, Samuel Swann, Carolyn McGuire, Emma F. Adams, Annie L. Swann, and Johnny L. Swann.

As long as there is some evidence to support the verdict, the denial of [a] defendant's motion for directed verdict, new trial and [judgment notwithstanding the verdict] will not be disturbed.

(Punctuation omitted.) *Southeastern Security Ins. Co. v. Hotle.*[2]

In this case, a number of the Swann Siblings testified at length that their brother, Givine Swann, had been given title to two parcels of "family" property by their parents with the intention that Givine Swann was to hold and protect the property for his benefit *and* the benefit of his brothers and sisters.[3] The Swann Siblings further contended that Givine promised to draft a will leaving them equal shares of this real estate in exchange for their agreement to provide and care for him during bad health. Givine Swann left no will at the time of his death, and, by operation of law, his interest in the contested real estate passed to his son, Deandra Shorter. The Swann Siblings challenged this inheritance, contending that, due to Givine Swann's alleged contract to make a will, they were the rightful owners of the property.

At trial, however, Deandra Shorter testified that his father neither informed him of any plan or agreement to devise the real property in question to his brothers and sisters nor expressed any desire to make a will. In addition, Annie Shorter, Deandra Shorter's mother, testified that Givine Swann told her that his son would be well off when he died. In addition, the record showed that Givine Swann paid taxes on the real property held by him. Based on this information, the plaintiffs failed to show that Givine Swann had entered into a binding contract to make a will with his brothers and sisters. As such, we will not disturb the jury's verdict. See *Hotle*, supra.

2. The Swann Siblings contend that the trial court erred by instructing the jury regarding the Statute of Frauds prior to instructing the jury regarding oral contracts to make a will. Specifically, the Swann Siblings contend that the trial court erred by mentioning the Statute of Frauds at all. This enumeration lacks merit.

The transcript shows that the trial court instructed the jury:

The general rule is that any contract for sale of lands, or any interest in or concerning lands, or any agreement that is not to be performed within one year from the making thereof,

---

[2] *Southeastern Security Ins. Co. v. Hotle*, 222 Ga. App. 161, 162 (1) (473 SE2d 256) (1996).

[3] Givine Swann held full title to a home in Rockdale County and a one-half interest in a second home in DeKalb County.

must be in writing to be enforceable. However, an oral contract, to make a will devising land, for a valuable consideration, which contract has been performed by the promisees, will be enforced by specific performance, if its terms are fair and equitable.

This instruction was proper. In *Martin v. Silvey*,[4] this Court explained:

With respect to the real property in the estate, the general rule is that an agreement affecting the title to land is required to be in writing. OCGA § 13-5-30 (4). However, it has been recognized that an oral contract to make a will devising land, for a valuable consideration, which contract has been performed by the promisee, will be enforced by specific performance, if its terms are fair and equitable.

(Punctuation and emphasis omitted.)

The instruction given by the trial court tracked this summary of the law and, accordingly, was proper.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED AUGUST 19, 2003.

*Zachary & Segraves, Kenneth W. Carpenter*, for appellants.
*William F. C. Skinner, Jr.*, for appellees.

---

[4] *Martin v. Silvey*, 200 Ga. App. 127 (1) (407 SE2d 97) (1991).