A04A0933. CRANE v. SAMPLES et al.
(600 SE2d 624)

BLACKBURN, Presiding Judge.

In this action regarding the allegedly fraudulent sale of certain real property, Eugene Crane, acting pro se, appeals the trial court's summary disposition of his claims against Crantford Samples and a co-defendant, contending that he was deprived of his Sixth Amendment procedural right to confrontation and of his Seventh Amendment procedural right to a jury trial. Discerning no error, we affirm.

Crane alleged in Count 1 of his amended complaint that the defendants told Crane certain property was "free and clear except for the mortgage held by defendant Samples, when in reality the subject realty was not free and clear" in that it was the subject of a divorce action and the subject of a civil complaint by someone seeking a life estate in the property. Relying on this alleged misrepresentation, Crane and his wife purchased the property from Crane's son, apparently to their detriment.

Count 2 alleged that this purchase interfered with Crane's potential business relations since he had anticipated pursuing a business on the property and now (because of the misrepresentation) apparently could not. Count 3 alleged that this intentional misrepresentation inflicted great emotional pain on Crane. Counts 4 and 5 asserted derivative claims for punitive damages and costs of litigation.

Samples moved to dismiss the counts under OCGA § 9-11-12 (b) (6), arguing that no count stated a claim for relief. Submitting his own affidavit in which he denied making the alleged misrepresentation, Samples further moved for summary judgment on all counts. Crane failed to respond to either motion. Holding that Crane's amended complaint did not designate the occasion on which the misrepresentation was made, the court dismissed Counts 1 and 2 for failure to state a claim. Cf. *Moultrie v. Atlanta Fed. Savings &c. Assn.*[1] (" '[a]t the very least the pleader should designate the occasions on which affirmative mis-statements were made' "). The court granted Samples summary judgment on Count 3 (as well as on the derivative Counts

---

[1] (Citation omitted.) *Moultrie v. Atlanta Fed. Savings &c. Assn.*, 148 Ga. App. 650, 654 (1) (252 SE2d 77) (1979).

4 and 5), reasoning that the affidavit testimony established without contradiction that Samples made no misrepresentation to Crane. Crane appeals, challenging only the deprivation of his procedural Sixth and Seventh Amendment constitutional rights, and not the correctness per se of the summary rulings against him.

1. Crane alleges that the summary disposition of his claims deprived him of his Sixth Amendment right to confrontation in that he was not allowed to present his claims in a full public trial. The Sixth Amendment right to a public trial and to confronting witnesses, however, pertains to criminal proceedings, which are not at issue in this civil proceeding. U. S. Const., Amend. 6. See *Kraft v. Adams*.[2] Accordingly, this enumeration is without merit.

2. Crane argues that the summary disposition of his claims deprived him of his Seventh Amendment right to a jury trial. "The right to a jury trial as guaranteed by the Seventh Amendment to the United States Constitution is not infringed where, as here, the jury would have no role since there are no issues of material fact in dispute." *Bledsoe v. Central Ga. Production Credit Assn.*[3] See *CM3, Inc. v. Associated Realty Investors/Prado*.[4] Here the only evidence of record established that the alleged misrepresentation, which was the crux of the claims asserted in Counts 1, 2, and 3, simply did not take place. Since Crane failed to rebut this evidence, summary judgment was appropriate on those three counts. See *Lau's Corp. v. Haskins*.[5] Consequently, summary judgment was also appropriate on the claims for punitive damages and litigation costs, inasmuch as these were derivative claims. See *J. Andrew Lunsford Properties, LLC v. Davis*.[6] Thus, the jury had no role to play.

We recognize that the trial court dismissed Counts 1 and 2 for failure to state a claim rather than grant summary judgment thereon. Nevertheless, we need not delve into this distinction for purposes of this opinion, since Crane's enumeration on appeal is that the summary adjudication of his case deprived him of his Seventh Amendment procedural right to a jury trial. The undisputed material facts show that the misrepresentation crucial to establishing all five of the counts never took place; because the jury would accordingly have had

---

[2] *Kraft v. Adams*, 248 Ga. App. 141, 145 (3) (545 SE2d 69) (2001).

[3] *Bledsoe v. Central Ga. Production Credit Assn.*, 180 Ga. App. 598, 599 (4) (349 SE2d 821) (1986).

[4] *CM3, Inc. v. Associated Realty Investors/Prado*, 201 Ga. App. 428, 429 (3) (411 SE2d 320) (1991).

[5] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[6] *J. Andrew Lunsford Properties, LLC v. Davis*, 257 Ga. App. 720, 723 (3) (572 SE2d 682) (2002).

no role, no infringement of Crane's Seventh Amendment right occurred in summarily disposing of those counts. *Bledsoe*, supra at 599 (4). Therefore, this enumeration lacks merit as to all counts.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED MAY 17, 2004 —
RECONSIDERATION DENIED JUNE 16, 2004 — 

Eugene Crane, *pro se.*

Lipscomb, Johnson, Sleister, Dailey & Smith, Putnam C. Smith, Mile, McGoff & Moore, Kevin J. McDonough, for appellees.