A05A1865. CRANE v. POTEAT.
(621 SE2d 501)

BLACKBURN, Presiding Judge.

Acting pro se, Eugene Crane ("Crane") appeals an order granting a motion for summary judgment against him in a civil suit against Poteat in which he claimed a life estate in the former marital abode

---

of Poteat and Crane's son, Ricky. He alleged that his former daughter-in-law, Kathy Poteat, and Ricky had promised him a life estate in the marital residence, which was awarded to Poteat in a subsequent divorce action. Crane contends that the trial court's grant of summary judgment deprived him of his Sixth Amendment procedural right to confrontation and his Seventh Amendment procedural right to a jury trial. Discerning no error, we affirm.

The record reflects that following the divorce, Crane attempted to drive Poteat from the property by harassment, arson, drive-by shootings, and multiple unsuccessful lawsuits.

It is undisputed that there is no written instrument conveying a life estate to Crane. The trial court granted Poteat's motion for summary judgment, correctly relying in part on OCGA § 13-5-30 (4), which provides that a contract for the transfer of an interest in land must be in writing to be binding on the promisor. See *Swann v. Shorter.*[1] The court also held that Crane's action was barred by the doctrines of res judicata and collateral estoppel, based on this same issue having been decided adversely to Crane in prior litigation between the same parties. See *Waldroup v. Greene County Hosp. Auth.*[2] Crane appeals, challenging only the deprivation of his procedural rights under the Sixth and Seventh Amendments to the United States Constitution, and not the correctness per se of the summary judgment against him.

1. Citing no case law, Crane argues that the trial court's order violated his right to confrontation under the Sixth Amendment to the United States Constitution. That amendment applies to criminal prosecutions, and, as Crane's suit was a civil proceeding, this enumeration has no merit. U. S. Const., Amend. 6. *Crane v. Samples;*[3] *Kraft v. Adams.*[4]

2. Again citing no case law, Crane contends that the trial court's order violates his Seventh Amendment right to a trial by jury, in that he was not allowed to present his claims to a jury. However, "[t]he 7th Amendment to the Federal Constitution does not apply to suits in State courts." *Butler v. Claxton;*[5] see *Swails v. State of Ga.*[6] Crane "in his brief cites no authority nor makes any contention . . . that [the trial court's order] violates the section of the State Constitution as to the right to a jury trial, and we therefore will not belabor this contention." *Butler,* supra at 621.

---

[1] *Swann v. Shorter,* 262 Ga. App. 808, 809-810 (2) (586 SE2d 711) (2003).

[2] *Waldroup v. Greene County Hosp. Auth.,* 265 Ga. 864, 865-866 (1), (2) (463 SE2d 5) (1995).

[3] *Crane v. Samples,* 267 Ga. App. 895, 896 (1) (600 SE2d 624) (2004).

[4] *Kraft v. Adams,* 248 Ga. App. 141, 145 (3) (545 SE2d 69) (2001).

[5] *Butler v. Claxton,* 221 Ga. 620, 621 (146 SE2d 763) (1966).

[6] *Swails v. State of Ga.,* 263 Ga. 276, 277 (2) (431 SE2d 101) (1993).

Moreover, even if the Seventh Amendment did apply in this case, "[t]he right to a jury trial as guaranteed by the Seventh Amendment to the United States Constitution is not infringed where, as here, the jury would have no role since there are no issues of material fact in dispute." (Punctuation omitted.) *Crane*, supra at 896 (2). Accordingly, this enumeration has no merit.

3. Finally, we note that in *Crane*, supra, Crane lost an appeal in this Court in a related case on identical issues one year ago. The Supreme Court of Georgia subsequently denied certiorari and imposed a frivolous appeal penalty against Crane. *Crane v. Samples*.[7] Our rules authorize us to impose a penalty for frivolous appeal, with or without motion, in an amount not to exceed $1,000. Court of Appeals Rule 15 (b). Crane cites no case law authority and, because of his prior experience in this Court, "could have no reasonable basis for believing this appeal would result in a reversal of the trial court's judgment." *Grovnor v. Bd. of Regents &c. of Ga.*[8] Accordingly, we assess a frivolous appeal penalty of $1,000 against Crane, which shall constitute a money judgment in favor of Poteat against Crane. Upon the filing of the remittitur in the court below, the penalty may be collected as are other money judgments.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED SEPTEMBER 9, 2005 —
RECONSIDERATION DENIED SEPTEMBER 29, 2005 — 

Eugene Crane, *pro se.*
*Joseph E. Cheeley, Jr.*, for appellee.

---

[7] *Crane v. Samples*, 2004 Ga. LEXIS 789 (Sept. 8, 2004).
[8] *Grovnor v. Bd. of Regents &c. of Ga.*, 231 Ga. App. 120, 121 (2) (497 SE2d 652) (1998).