A06A1684. CRANE v. LAZARO et al.

(635 SE2d 319)

BLACKBURN, Presiding Judge.

Acting pro se, Eugene Crane appeals an order granting a motion to dismiss his civil suit against Luis Lazaro and Nationwide Insurance Company (Nationwide) in which he claims that he suffered injuries as a result of Lazaro's negligence. Crane contends that the trial court's dismissal of his lawsuit deprived him of his Seventh Amendment right to a jury trial and his right of access to the courts under Ga. Const. 1983, Art. I, Sec. I, Par. XII. Finding no error, we affirm.

The record shows that on October 11, 2003, Crane was involved in an automobile accident with Lazaro. On February 9, 2005, Crane filed suit against Lazaro and Lazaro's insurer, Nationwide, claiming that he suffered injuries as a result of Lazaro's negligence. Crane never served Lazaro with the complaint but attempted to serve Nationwide by sending a copy of the complaint via certified mail to a local Nationwide salesman. After 30 days, Crane filed a motion for judgment by default, which was denied on the ground that Nationwide was improperly served. The trial court further noted that Nationwide was not a proper party because direct actions against the liability insurer of an alleged tortfeasor in this type of case are prohibited. Crane's direct appeal of that interlocutory order was dismissed for lack of jurisdiction. On November 9, 2005, Nationwide filed a motion to dismiss, which was granted on the ground that Crane had failed to serve Lazaro prior to the expiration of the statute of limitation. This appeal followed.

1. Citing no case law, Crane contends that the dismissal of his lawsuit violated his right to a jury trial under the Seventh Amendment of the U. S. Constitution and his right of access to the courts under Ga. Const. 1983, Art. I, Sec. I, Par. XII. These contentions are

without merit. "The 7th Amendment to the Federal Constitution does not apply to suits in State courts." *Butler v. Claxton*.[1] See *Crane v. Poteat*.[2] Furthermore, "Art. I, Sec. I, Par. XII is a 'right of choice' (between self-representation and representation by counsel) provision, and not an 'access to the courts' provision." (Punctuation omitted.) *Santana v. Ga. Power Co.*[3]

Moreover, even if Crane's constitutional claims were applicable, those rights were not infringed where, as here, the trial court correctly dismissed Crane's complaint on the ground that it was time barred. OCGA § 9-3-33 provides that "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues." The statute of limitation is tolled by the commencement of a civil action at law. *Lee v. Kim*.[4] However, the mere filing of a complaint does not commence a suit; instead, the plaintiff must file the complaint and effect proper timely service as required by law. *Tate v. Coastal Utilities*.[5] "If reasonable and diligent efforts are not made to ensure proper service, . . . a plaintiff is guilty of laches," and the statute of limitation will not toll. *Id*.

Here, Crane filed a complaint but never served Lazaro; thus the two-year statute of limitation pertaining to Crane's claim for personal injuries never tolled and his lawsuit is time-barred. See *Tate v. Coastal Utilities*, supra, 247 Ga. App. at 739 (1). Although Crane attempted to serve Lazaro's insurer, Nationwide, by sending a copy of the complaint via certified mail to a local Nationwide salesman, such service was inadequate.[6] See also *Abe Engineering v. Travelers Indem. Co.*[7] Regardless, even if service upon Nationwide had been adequate, Nationwide was not a proper party to Crane's lawsuit. "[W]here there is no privity of contract, a party may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted either by statute or a provision in the policy." (Punctuation omitted.) *Crane v. State Farm Ins. Co.*[8] None of these exceptions apply in this case. Accordingly, the trial court did not err in dismissing Crane's complaint.

2. Finally, we note that in *Poteat* and in *State Farm*, Crane unsuccessfully appealed on the identical issues raised in his two

---

[1] *Butler v. Claxton*, 221 Ga. 620, 621 (146 SE2d 763) (1966).

[2] *Crane v. Poteat*, 275 Ga. App. 669, 670 (2) (621 SE2d 501) (2005).

[3] *Santana v. Ga. Power Co.*, 269 Ga. 127, 129 (4) (498 SE2d 521) (1998).

[4] *Lee v. Kim*, 275 Ga. App. 891 (622 SE2d 99) (2005).

[5] *Tate v. Coastal Utilities*, 247 Ga. App. 738, 739 (1) (545 SE2d 124) (2001).

[6] OCGA § 9-11-4 (c).

[7] *Abe Engineering v. Travelers Indem. Co.*, 210 Ga. App. 551 (1) (436 SE2d 754) (1993).

[8] *Crane v. State Farm Ins. Co.*, 278 Ga. App. 655, 656 (1) (629 SE2d 424) (2006).

enumerations of error here. Based on this fact, Nationwide has moved for frivolous appeal sanctions in this case. However, Nationwide's motion for sanctions is included as part of its appellate brief (contrary to Court of Appeals Rule 41 (b)) and therefore was improperly filed. See *Harden v. Young*.[9] Nevertheless, our rules authorize us to impose a penalty for frivolous appeal, with or without motion, in an amount not to exceed $1,000. Court of Appeals Rule 15 (b). Given his previous unsuccessful appeals on these very same issues, Crane "could have no reasonable basis for believing this appeal would result in a reversal of the trial court's judgment." (Punctuation omitted.) *Crane v. Poteat*, supra, 275 Ga. App. at 671 (3). Accordingly, we assess a frivolous appeal penalty of $1,000 against Crane.[10]

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JULY 27, 2006 —
RECONSIDERATION DENIED AUGUST 15, 2006 —

Eugene Crane, *pro se.*
Lewis S. Fine, for appellees.

---

[9] *Harden v. Young*, 268 Ga. App. 619, 620 (606 SE2d 6) (2004).

[10] This is not the first time Crane has been fined for filing a frivolous appeal. See *Crane v. Poteat*, supra, 275 Ga. App. at 671 (3); *Crane v. Samples*, 267 Ga. App. 895 (600 SE2d 624) (2004).

