A06A2094. CRANE v. POTEAT et al.
(638 SE2d 335)

BLACKBURN, Presiding Judge.

In this civil proceeding concerning property in Forsyth County, Eugene Crane appeals the dismissal of his motion for new trial, in which he asked a Gwinnett County Superior Court in 2006 to order the new trial of a case he lost in 1998 in Forsyth County Superior Court. Crane appeals, contending he was deprived of his federal

---

[31] Id.

Seventh Amendment right to a jury trial and of his alleged state constitutional "right of access" to Georgia courts. Discerning no error, we affirm.

The material facts are undisputed. In 1998 following a jury trial of various disputes involving Crane and his relatives about certain real property in Forsyth County, the Forsyth County Superior Court entered two judgments adverse to Crane's claim that he had purchased and therefore owned the real property. The first awarded a life estate in the real property to Crane's son's mother-in-law (Hazel Walker). The second (a divorce decree dissolving the marriage between Crane's son and his son's wife) awarded the fee simple title in the real property to the wife, who is now known as Kathy Poteat. Whether Crane appealed these judgments or pursued other post-judgment proceedings is not reflected in the record.

Crane then filed a series of unfounded suits against related parties. First, he filed a Forsyth County action against another party (Samples), alleging Samples fraudulently induced Crane to purchase the Forsyth property from his son. We affirmed summary judgment against Crane. *Crane v. Samples.*[1] Second, he filed actions in Gwinnett County against Poteat and her attorney, asserting they had promised him a life estate in certain property in Gwinnett. We affirmed the dismissal of Crane's claims. *Crane v. Cheeley.*[2] Third, he filed another action against Poteat in Forsyth, now claiming that she had promised him a life estate in the Forsyth property that was awarded her in the original Forsyth divorce action. We once again affirmed summary judgment against Crane. *Crane v. Poteat.*[3]

In 2006, eight years after losing the two 1998 judgments in Forsyth County, Crane filed *in Gwinnett County* a motion seeking a new trial on the two 1998 *Forsyth County* judgments. The Gwinnett court treated this as an original proceeding, assigning it a new civil action file number. Two months later, the Gwinnett court sua sponte dismissed the proceeding. Crane appeals, asserting two enumerations of error: the dismissal deprived him (i) of his federal Seventh Amendment right to a jury trial and (ii) of his claimed Georgia constitutional "right to access" the courts of Georgia. See Ga. Const. 1983, Art. I, Sec. I, Par. XII.

1. This is at least the tenth time Crane has argued to this Court that the summary disposition of his state court case on a motion to dismiss or on a motion for summary judgment has deprived him of his federal Seventh Amendment right to a jury trial. See *Crane v.*

[1] *Crane v. Samples*, 267 Ga. App. 895 (600 SE2d 624) (2004).

[2] *Crane v. Cheeley*, 270 Ga. App. 126 (605 SE2d 824) (2004).

[3] *Crane v. Poteat*, 275 Ga. App. 669 (621 SE2d 501) (2005).

*Lazaro;*[4] *Crane v. State Farm Ins. Co.;*[5] *Crane v. Poteat,* supra, 275 Ga. App. at 670 (2); *Crane v. Darnell;*[6] *Crane v. Samples,* supra, 267 Ga. App. at 896 (2); *Crane v. Poteat;*[7] *Crane v. Hamilton;*[8] *Crane v. Albertelli;*[9] *Crane v. Harris.*[10] Even though we have made it painfully clear to Crane that " '[t]he *7th Amendment to the Federal Constitution* does not apply to suits in State courts' " ((emphasis supplied) *Crane v. Lazaro,* supra, 281 Ga. App. at 128 (1), citing *Crane v. Poteat,* supra, 275 Ga. App. at 670 (2)), he has asserted this frivolous argument again here. We reject it once again and instruct Crane to discontinue raising this argument in this Court.

2. Crane has also reasserted his previously-rejected argument that the dismissal of his lawsuit deprived him of his "right of access" to the courts under Ga. Const. 1983, Art. I, Sec. I, Par. XII. As we stated in *Crane v. Lazaro,* supra, 281 Ga. App. at 128 (1), "Art. I, Sec. I, Par. XII is a 'right of choice' (between self-representation and representation by counsel) provision, and not an 'access to the courts' provision." (Punctuation omitted.) This argument fails once again.

3. Moreover, even if Crane's constitutional claims were applicable, those rights were not infringed where, as here, Crane's action was properly dismissed. His sole filing in the Gwinnett court was merely a motion for new trial on the general grounds to retry two judgments entered eight years earlier in a Forsyth court, which motion had numerous procedural defects. First, the timing was wrong because Crane's motion for new trial on the general grounds had to be made within 30 days of entry of the judgment on the verdict. OCGA § 5-5-40 (a); *Herring v. Herring*[11] ("a motion for a new trial must be filed within thirty days following entry of judgment"); *Baxter v. Weiner*[12] ("[a] motion for new trial on the general grounds must be filed within thirty days of the rendition of the judgment"). Second, the venue was wrong because the motion had to be filed in the Forsyth court where the judgments were entered. Indeed, to the extent this could be construed as a motion for new trial under OCGA § 9-11-60 (c), OCGA § 9-11-60 (b) expressly provides that "[j]udgments may be attacked by motion [for new trial] *only* in the court of rendition."

[4] *Crane v. Lazaro,* 281 Ga. App. 127 (1) (635 SE2d 319) (2006).

[5] *Crane v. State Farm Ins. Co.,* 278 Ga. App. 655 (629 SE2d 424) (2006).

[6] *Crane v. Darnell,* 268 Ga. App. 311, n. 1 (601 SE2d 726) (2004).

[7] *Crane v. Poteat,* 266 Ga. App. XXIV (2004) (not officially reported).

[8] *Crane v. Hamilton,* 266 Ga. App. XXIV (2004) (not officially reported).

[9] *Crane v. Albertelli,* 264 Ga. App. 910 (592 SE2d 684) (2003).

[10] *Crane v. Harris,* 263 Ga. App. XXVI (2003) (not officially reported).

[11] *Herring v. Herring,* 246 Ga. 462, 463, n. 1 (271 SE2d 857) (1980).

[12] *Baxter v. Weiner,* 246 Ga. 28, 29 (268 SE2d 619) (1980).

(Emphasis supplied.) Accordingly, not only do Crane's appellate arguments lack merit, but the trial court did not err in dismissing this proceeding.

4. Inasmuch as Crane continues undeterred to plague this Court with frivolous appeals on grounds previously rejected, we once again impose a penalty against Crane for frivolous appeal under Court of Appeals Rule 15 (b). "Given his previous unsuccessful appeals on these very same issues, Crane could have no reasonable basis for believing this appeal would result in a reversal of the trial court's judgment." (Punctuation omitted.) *Crane v. Lazaro,* supra, 281 Ga. App. at 129 (2). Accordingly, we assess a frivolous appeal penalty of $1,000 against Crane.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED SEPTEMBER 1, 2006 —
RECONSIDERATIONS DISMISSED OCTOBER 4, 2006 AND NOVEMBER 1, 2006 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Eugene Crane, *pro se.*
*Joseph E. Cheeley, Jr.,* for appellees.