A07A0461. CUYLER v. ALLSTATE INSURANCE COMPANY.
(643 SE2d 783)

BLACKBURN, Presiding Judge.

Acting pro se, Matthew Cuyler appeals an order granting summary judgment to his insurer Allstate Insurance Company ("Allstate"), arguing that the trial court erred in (1) denying him a jury trial; (2) having counsel for Allstate draft the summary judgment

order; and (3) finding that no issues of fact remained as to whether Allstate failed to comply with its insurance policy. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c); *Britt v. Kelly & Picerne, Inc.*[1] A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[2]

So construed, the record shows that on January 23, 2004, Allstate issued an automobile insurance policy to Cuyler for his vehicle, which provided liability coverage, uninsured motorist coverage, auto comprehensive coverage, and rental car reimbursement coverage. Allstate offered its insureds the option of obtaining medical payment coverage and collision damage coverage; however, the specific policy issued to Cuyler did not provide such coverage. This policy was in effect on May 1, 2004, when Cuyler was involved in an automobile accident with another motorist, who was insured by GEICO.

After the accident, Cuyler filed a lawsuit against Allstate, in which he sought compensation for damage to his vehicle caused by the collision, medical expenses incurred as a result of the accident, pain and suffering damages, lost income, and reimbursement for rental car expenses. Allstate responded that it had already reimbursed Cuyler for his rental car expenses, but that the policy issued to him did not provide coverage for any of the other damages or expenses sought in his complaint. At the close of discovery, both parties filed motions for summary judgment. After a hearing on the motions, the trial court granted summary judgment to Allstate as to all of Cuyler's claims. This appeal followed.

1. Cuyler contends that the trial court erred by denying his right to a jury trial in violation of the Seventh Amendment to the United States Constitution, 42 USCA § 1983, and OCGA § 9-11-38. This claim is without merit.

"The 7th Amendment to the Federal Constitution does not apply to suits in State courts." *Butler v. Claxton.*[3] See *Crane v. Poteat.*[4] Moreover, even if the Seventh Amendment did apply in this case, "[t]he right to a jury trial as guaranteed by the Seventh Amendment to the United States Constitution is not infringed where, as here, the

---

[1] *Britt v. Kelly & Picerne, Inc.*, 258 Ga. App. 843 (575 SE2d 732) (2002).

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[3] *Butler v. Claxton*, 221 Ga. 620, 621 (146 SE2d 763) (1966).

[4] *Crane v. Poteat*, 275 Ga. App. 669, 670 (2) (621 SE2d 501) (2005).

jury would have no role since there are no issues of material fact in dispute." (Punctuation omitted.) *Crane v. Samples.*[5] For these same reasons, Cuyler has failed to demonstrate that he has suffered any constitutional deprivation warranting a § 1983 action. See *Souder v. Webb.*[6] Similarly, when a trial court determines that summary judgment is appropriate, it is in effect a determination that a party is not entitled to his or her right to a jury trial under the Georgia Constitution or OCGA § 9-11-38. See *Svc. Merchandise v. Jackson.*[7] Accordingly, the trial court did not violate Cuyler's right to a jury trial by granting summary judgment to Allstate in this matter.

2. In his second enumeration of error, Cuyler contends that the trial court improperly conspired with Allstate's counsel when, at the conclusion of the summary judgment hearing, it requested that counsel draft a proposed order granting summary judgment to Allstate. This contention is without merit.

"Judges may request a party to submit proposed findings of fact and conclusions of law, so long as the other parties are apprised of the request and are given an opportunity to respond to the proposed findings and conclusions." (Punctuation omitted.) *Fuller v. Fuller;*[8] Commentary to Code of Judicial Conduct, Canon 3 B (7). Furthermore, "[i]t is well established that the burden is on the party alleging error to show it by the record, and there is a presumption in favor of the regularity of all proceedings in a court of competent jurisdiction." (Punctuation omitted.) *Toberman v. Larose Ltd. Partnership.*[9] Here, Cuyler chose not to include the transcript of the summary judgment hearing in the record[10] and has not produced any evidence that the trial court did anything improper when it requested that Allstate's counsel draft the proposed order. Accordingly, Cuyler has not overcome the presumption of regularity of the court's proceedings nor otherwise supported his claim of error. See id.

3. In his third and fourth enumerations of error, Cuyler contends that the trial court erred in finding that no issues of material fact

---

[5] *Crane v. Samples*, 267 Ga. App. 895, 896 (2) (600 SE2d 624) (2004).

[6] *Souder v. Webb*, 198 Ga. App. 419, 420 (401 SE2d 630) (1991).

[7] *Svc. Merchandise v. Jackson*, 221 Ga. App. 897, 899 (1) (473 SE2d 209) (1996).

[8] *Fuller v. Fuller*, 279 Ga. 805, 806 (1) (621 SE2d 419) (2005).

[9] *Toberman v. Larose Ltd. Partnership*, 281 Ga. App. 775, 780 (2) (637 SE2d 158) (2006).

[10] We note that Cuyler attached to his brief what appears to be two pages from a transcript of the May 23, 2006, hearing on the parties' summary judgment motions. "[D]ocuments attached to an appellate brief, which have not been certified by the clerk of the trial court as a part of the appellate record and forwarded to this Court, will not be considered on appeal." (Punctuation omitted.) *Nolan v. Jowers*, 280 Ga. App. 815, 816 (635 SE2d 211) (2006). Moreover, even if those transcript pages had been included in the record, they lend no support to Cuyler's contention that the trial court erred in requesting that Allstate's counsel draft the proposed summary judgment order.

remained as to whether Allstate complied with its obligations under the subject insurance policy. Specifically, Cuyler argues that Allstate wrongfully failed to provide him with coverage for his medical payments, pain and suffering, lost income, and the damage to his vehicle. He further argues that he did not receive reimbursement for rental car expenses, which he was owed under the policy. We disagree.

"In this state, insurance contracts are governed by the rules of construction applicable to other contracts, and words in the policy must be given their usual and common signification and customary meaning." (Punctuation omitted.) *Collier v. State Farm &c. Ins. Co.*[11] "[C]onstruction of a contract is a question of law for the court. Where any matter of fact is involved, a jury should find the fact." OCGA § 13-2-1. Furthermore, "whether a contract is ambiguous is a question of law for the court." *Collier*, supra, 249 Ga. App. at 866 (2).

Here, the section of the Allstate insurance policy that explains what coverages are applicable provides in part that "[t]he coverages of this policy apply only when a specific premium is indicated for them on the declarations page." On the declarations page for Cuyler's policy, premiums are indicated as having been paid for liability coverage, uninsured motorist coverage, auto comprehensive coverage, and rental reimbursement coverage. Although Allstate offered its insureds the option of obtaining medical payment coverage and collision damage coverage, the declarations page for Cuyler's policy did not indicate that premiums had been paid for either. "When the language of an insurance policy defining the extent of the insurer's liability is unambiguous and capable of but one reasonable construction, the court must expound the contract as made by the parties." *Collier*, supra, 249 Ga. App. at 867-868 (3). Thus, under the unambiguous terms of the Allstate policy, Cuyler was not entitled to coverage for his medical payments, pain and suffering, lost income, or his vehicle's collision damage. See id. at 868 (3).

Furthermore, Cuyler's contention that he was not reimbursed for his rental car expenses in violation of the policy is without merit. Cuyler is correct, and Allstate does not dispute, that the policy provided coverage for rental reimbursement. However, in support of its motion for summary judgment, Allstate proffered a sworn affidavit from one of its claim adjusters with personal knowledge of the matter, which stated that Allstate paid $600 to Cuyler for rental reimbursement under the policy. Under OCGA § 9-11-56 (e),

---

[11] *Collier v. State Farm &c. Ins. Co.*, 249 Ga. App. 865, 866 (2) (549 SE2d 810) (2001).

[w]hen a motion for summary judgment is made and supported as provided in this Code section(, i.e., with an affidavit based on personal knowledge), an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

(Punctuation omitted.) *Bozeman v. CACV of Colorado, LLC.*[12] Cuyler offered no evidence contradicting Allstate's affidavit, other than his unsworn denials, and thus failed to meet his burden under OCGA § 9-11-56 (e). See id. at 257-258. Accordingly, the trial court did not err in granting summary judgment to Allstate as to all of Cuyler's claims.
*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED MARCH 7, 2007 —
RECONSIDERATION DENIED MARCH 22, 2007 — ▮▮▮▮▮▮

Matthew D. Cuyler, *pro se.*
*Fain, Major & Brennan, Andrew H. Schultz*, for appellee.

---

[12] *Bozeman v. CACV of Colorado, LLC*, 282 Ga. App. 256, 257 (638 SE2d 387) (2006).
[1] OCGA § 9-11-56 (c).